## THE WELFARE.

## SARGENT BARGE LINE, Inc., v. NEWTOWN CREEK TOWING CO. et al.

### No. 12214.

District Court, E. D. New York.

Oct. 13, 1932.

See, also, 56 F.(2d) 205.

Purdy & Purdy, of New York City, for libelant.

Earl Appleman, of New York City, for respondent Capitol Coal Corporation.

BYERS, District Judge.

Hearing on exceptions filed by both libelant and respondent Capitol Coal Corporation to the findings of a commissioner fixing the value of the coal barge Welfare built in 1904, in June of 1930, at $1,496.25 before the grounding and $50.00 afterwards, and fixing the damage at $1,446.25, with interest from July 30, 1930.

The figure adopted by the commissioner is $3.15 per ton.

The libelant says there was no market for such a vessel and hence the commonly held opinion value in 1918 of $4,500.00 (there is no testimony as to the price paid by libelant when the barge was purchased in 1919) less depreciation for twelve years, or about $3,400.00, should have been the figure found.

The respondent contends that there were sufficient sales of similar barges during late 1929 and the entire year 1930, to establish the fair market value of this barge, and that the commissioner was justified in basing his conclusion on such data; but that there is no evidence of a sale of a comparable vessel at $3.15 per ton. That the highest permissible figure would have been $750.00.

The libelant brushes all sales aside with the comment that the sellers were not "willing" to sell, within the contemplation of the Supreme Court opinion in Standard Oil Co. of New Jersey v. Southern Pacific Co., 268 U. S. 146, 45 S. Ct. 465, 69 L. Ed. 890.

The reasoning in effect is that, because of the depressed conditions of business during the latter part of 1929 and through 1930, there was no such person as a "willing seller."

If this were sound, there would never be sales sufficient to establish market value during a falling market, or times of business depression. No such statement appears in

the said opinion, which deals with the amount of damages in a case in which apparently no sales were submitted to prove market value.

When a man sells something because he wants to, he is a willing seller; that is, he would rather sell than continue to own.

Such were the sales shown by the testimony submitted to the commissioner, and he was justified in basing his conclusion on such sales.

▪ There is none so high, during 1930, as at the rate of $3.15 per ton. The highest is nearly $1.50. This barge had a carrying capacity of 475 tons; therefore, according to the highest sales shown in 1930, her market value was about $713.00.

There is some testimony that this barge had special availability for coal delivery at short bulkheads because of her length of 83 feet. Also the fact is clearly shown that she was in good condition for her years. A value of $850.00 would be justified by the evidence, after allowing the $50.00 for her worth after the grounding.

To this extent the commissioner's report is modified, but otherwise the exceptions thereto are overruled.

A final decree may be taken, fixing the damage at $850.00, with interest from July 30, 1930, and costs. Settle decree on notice.